Mayela C. Montenegro-Urch (SBN: 304471)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone: 949-475-1500
Facsimile: 949-475-0016
Email: mmontenegro@shb.com

Attorneys for Defendants
COVIDIEN LP, COVIDIEN SALES LLC,
COVIDEN HOLDING INC., MEDTRONIC, INC.,
and MEDTRONIC USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

KAREN SCANNELL and TERRENCE SCANNELL, ,

Plaintiffs,

v.

SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION HOSPITALS; KAISER FOUNDATION HEALTH PLAN, INC; COVIDIEN LP; COVIDIEN SALES LLC; COVIDIEN HOLDING INC.; MEDTRONIC, INC.; MEDTRONIC USA, INC., and DOES 1 through 100, inclusive, ,

Defendants.

Case No. 2:25-cv-02649-MRA (ADSx)

Judge: Hon. Mónica Ramírez Almadani

**DEFENDANTS COVIDIEN LP, COVIDIEN SALES LLC, COVIDIEN HOLDING INC., MEDTRONIC, INC., AND MEDTRONIC USA, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

(Filed concurrently with Declaration and Proposed Order)

Date: June 2, 2025
Time: 1:30 p.m.
Ctrm: 10B

## TABLE OF CONTENTS


Introduction .......... 1

Statement of Facts .......... 3

Argument and Authorities .......... 4

I. Medtronic's Notice of Removal Establishes This Court's Subject Matter Jurisdiction Over This Case. .......... 4

II. California Law Establishes That the State Court Order Put Medtronic in a Different Case, Separate from the Kaiser Defendants. .......... 5

A. California federal courts have repeatedly recognized that severance of claims as creating a separate, removable case for non-forum defendants. .......... 5

B. California arbitration law only supports severance of actions in this case. .......... 8

i. The statutory basis of Judge Murillo's order only supports the severance of cases .......... 8

ii. Binding California case law only supports the severance of cases .......... 9

III. Plaintiffs' Arguments Supporting Remand Are Unavailing and Ignore the Legal Effect of the State Court's Order. .......... 11

IV. This Court Should Summarily Deny Plaintiffs' Request for Attorney's Fees Because Medtronic's Removal Was Proper. .......... 12

Conclusion .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abel v. Bank of America, N.A.*,
No. 20-00176, 2020 WL 6257070 (D. Haw. Oct. 23, 2020)..........................7, 13

*Brock v. Kaiser Foundation Hospitals*,
10 Cal. App. 4th 1790 (Dist. Ct. App. 3rd 1992) ........................................11, 12

*Carmona v. Johnson & Johnson*,
No. CV 15-5317 PA, 2015 WL 13229429 (C.D. Cal. Oct. 19, 2015) .................8

*Chase v. Kia Motors Am., Inc.*,
No. 22-cv-09082-JCS, 2023 WL 2212873 (N.D. Cal. Feb. 24, 2023)...............12

*Chicot County v. Sherwood*,
148 U.S. 529 (1893)..........................................................................................5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014)............................................................................................5

*Edsall v. Merck & Co., Inc.*,
No. C 05-2244 MHP, 2005 WL 1867730 (N.D. Cal. Aug. 4, 2005) ...................6

*Fed. Ins. Co. v. Sup. Ct. (Mackey)*,
60 Cal. App. 4th 1370 (Dist. Ct. App. 2nd 1998) ..............................................10

*Geographic Expeditions, Inc. v. Estate of Lhokta*,
599 F.3d 1102 (9th Cir. 2010) ...........................................................................5

*Heritage Provider Network, Inc. v. Sup. Ct.*,
158 Cal. App. 4th 645 (Dist. Ct. App. 2nd 2008) ..............................................10

*Inong v. Protective Life Ins. Co.*,
No. C 23-03595 WHA, 2023 WL 8481811 (N.D. Cal. Dec 7, 2023)..............6, 7

*In re Johnson & Johnson*,
No. 2:15-cv-05311-JGB, 2015 WL 5050522 (C.D. Cal. Aug. 24, 2015)............................................................................................7, 8

*Kiang v. Nationwide Life and Annuity Ins. Co.*,
No. 3:23-cv-04861-JSC, 2023 WL 8018254 (N.D. Cal. Nov. 20, 2023) ........................................ 6, 7

*Lew-Williams v. Petrosian*,
101 Cal. App. 5th 97 (Dist. Ct. App. 2nd 2024) ........................................ 10, 12

*Lively v. Wild Oats Market, Inc.*,
456 F.3d 933 (9th Cir. 2006) ........................................ 4, 13

*Lussier v. Dollar Tree Stores, Inc.*,
518 F.3d 1062 (9th Cir. 2008) ........................................ 13

*Mattson Technology, Inc. v. Applied Materials, Inc.*,
96 Cal. App. 5th 1149 (Dist. Ct. App. 1st 2023) ........................................ 9

**Statutes**

28 U.S.C. § 1332 ........................................ 1, 5

28 U.S.C. § 1447(c) ........................................ 7, 13

Cal. Civ. Code § 1281.4 ........................................ 9, 12

Cal. Civ. Code § 1292.6 ........................................ 11

## INTRODUCTION

Plaintiffs' Motion to Remand should be denied because Medtronic's Notice of Removal establishes that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Specifically, the February 25, 2025 State Court Order severing Plaintiffs' case from the non-diverse defendants from their case against the diverse Medtronic Defendants rendered this action removable in that complete diversity of citizenship exists between Plaintiffs and the Medtronic Defendants—the only defendants that remain in this case—and the amount-in-controversy is well-satisfied.

On February 25, 2025, the Superior Court of California for the County of Los Angeles (the "State Court") entered an Order granting the in-state healthcare defendants' (the "Kaiser Defendants" or "Kaiser") Petition to Compel Arbitration and Motion to Stay, and Plaintiffs' request to sever their causes of action against the Kaiser Defendants from their causes of action against Medtronic (the "State Court Order"). In its Order, the State Court severed Plaintiffs' case against the Kaiser Defendants – allowing Plaintiffs' to proceed in a separate arbitration against Kaiser, and that allows Plaintiffs' to proceed against Medtronic in state court, thereby creating complete diversity of citizenship between Plaintiffs and Medtronic. Accordingly, Medtronic properly filed its Notice of Removal based on this Court's subject matter jurisdiction under 28 U.S.C. § 1332(a).

At its core, Plaintiffs' Motion to Remand fixates on the wording of the State Court's Order and accuses Medtronic of "intentionally misrepresenting" that order, while ignoring the substantive and legal impact of that order under California law. Plaintiffs purport to argue that a state court must explicitly provide in its order that it is severing "the case," as opposed to the "claims" or "causes of action" from the case, to create a separate and removable action. But Plaintiffs' theory finds no support under federal law. Rather, the case law supports that the State Court Order severing the causes of action also severed Plaintiffs' case into two separate proceedings—one against the

Kaiser Defendants to proceed in arbitration and one against Medtronic to continue in the state court. To be sure, California federal courts have repeatedly recognized under these same or similar circumstances that severance of causes of action creates a separate, removable case.

Additionally, Plaintiffs argue that Medtronic seeks to conflate "causes of action" and "cases" for purposes of removability. According to Plaintiffs, the State Court severed the "causes of action"—not the "cases"—against the Kaiser Defendants and Medtronic, such that both the Kaiser Defendants and Medtronic remain in the case. But this argument ignores the import of the State Court Order and contradicts Plaintiffs' prior positions. Indeed, Plaintiffs filed a "Motion to Sever **the Case**" from the Kaiser Defendants, in which they specifically moved for "an order severing Plaintiffs' **lawsuit** against [Medtronic] from [the Kaiser Defendants]." [**Exhibit A** at *2] (emphasis added). And the State Court specifically addressed Plaintiffs' Motion and request when it issued its February 25, 2025 Order:

> *Plaintiffs' request to sever the causes of action asserted against the Kaiser Defendants (i.e., causes of action 4 and 5) and to stay only those claims is GRANTED. Further, the stay does not apply to the Covidien or Medtronic Defendants, or the causes of action asserted against them (i.e., causes of action 1, 2 and 5, given that Plaintiffs have since dismissed the third cause of action against the Covidien and Medtronic Defendants."* [**Exhibit B** at *5].

Now, after removal, Plaintiffs do an about face in claiming they requested the State Court sever the causes of action—not the cases—in an attempt to manufacture a remand.

Last, because Medtronic properly filed its Notice of Removal with supporting authorities, this Court should summarily deny Plaintiffs' (unfounded) request for attorneys' fees.

## STATEMENT OF FACTS

Plaintiffs filed a lawsuit on November 19, 2024, in the Superior Court for the County of Los Angeles entitled *Karen Scannell, et al. vs. Southern California Permanente Medical Group, Inc., et al.*, Case No. 24STCV30446. (*See generally* Notice of Removal's Ex. A-2, Compl.). Plaintiffs' Complaint alleges that Mrs. Scannell was injured from the use of a surgical stapler, manufactured by Medtronic, during an attempted sigmoid colectomy surgery on December 1, 2023 at Kaiser Permanente West Los Angeles Medical Center. (*See* Notice of Removal's Ex. A-2, Compl., ¶ 20.). Despite entering into an arbitration agreement with the Kaiser Defendants before the subject surgery (which Plaintiffs have not claimed is unenforceable), Plaintiffs nevertheless joined these forum defendants in their action against Medtronic. (*See generally* Notice of Removal's Ex. A-2, Compl.).

On January 13, 2024, the Kaiser Defendants filed a Petition to Compel Arbitration and to Stay Action, seeking an order compelling arbitration of Plaintiffs' claims against the Kaiser Defendants and staying the action pending completion of the arbitration proceedings. (*See* Notice of Removal's Ex. A-16, A-19.)

In response, on February 13, 2025, Plaintiffs filed a "**Motion to Sever the Case**," requesting that the State Court enter "an order severing Plaintiffs' **lawsuit** against [Medtronic] from [the Kaiser Defendants]." [**Exhibit A** at p. 2; *see also id.* at p. 3 ("Plaintiffs' **lawsuit** against [Medtronic] should be severed ... Severing the **case** so as to allow the Superior Court action to be litigated simultaneously with the [Kaiser Defendants'] arbitration proceeding[.]").

On February 25, 2025, the State Court entered an Order compelling Plaintiffs' case against the Kaiser Defendants to be arbitrated and granting Plaintiffs' request to sever the cases against the Kaiser Defendants and Medtronic. (See **Exhibit B** at *4-*5.). On page 5 of the Order, the State Court ruled:

> "Plaintiffs' request to <u>sever</u> the causes of action asserted against the Kaiser Defendants (i.e. causes of action 4 and 5) and to stay only those claims is GRANTED. Further, the stay does not apply to the Covidien or Medtronic Defendants, or the causes of action asserted against them (i.e., causes of action 1, 2 and 5, given that Plaintiffs have since dismissed the third cause of action against the Covidien and Medtronic Defendants)."

Based on the State Court Order granting Plaintiffs' request to sever the lawsuit against Medtronic from their lawsuit against the Kaiser Defendants, Medtronic timely removed this case by filing its Notice of Removal in this Court on March 26, 2025. (*See generally* Notice of Removal.) Plaintiffs filed their Motion to Remand on April 25, 2025. (*See generally* Pltf.'s Mot. To Remand.)

## ARGUMENT AND AUTHORITIES

### I. Medtronic's Notice of Removal Establishes This Court's Subject Matter Jurisdiction Over This Case.

"Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Market, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). To remove based on diversity jurisdiction, a defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. And if a case is not immediately removable as stated when filed, but later becomes removable, the defendant may remove within 30 days of receiving an order "from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).

The removing defendant bears the burden of establishing that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhokta*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). Courts must "strictly construe the removal statute against removal jurisdiction."

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Nevertheless, "the courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends." *Chicot County v. Sherwood*, 148 U.S. 529, 534 (1893). "They cannot abdicate their authority or duty in any case in favor of another jurisdiction." *Id.*

As discussed, in its February 25, 2025 Order, the State Court severed the causes of action against Medtronic from the causes of action against the Kaiser Defendants, such that Plaintiffs' lawsuit against the Kaiser Defendants would proceed in arbitration while Plaintiffs' case against Medtronic continued in the state court litigation. Restated, Plaintiffs' lawsuit against the Kaiser Defendants (forum defendants) was severed from their lawsuit against Medtronic (non-forum defendants), thereby creating complete diversity of citizenship between Plaintiffs and Medtronic—the only defendants that remain in the State Court Action. Thus, Medtronic properly removed this case on March 26, 2025.

## II. California Law Establishes That the State Court Order Put Medtronic in a Different Case, Separate from the Kaiser Defendants.

Several federal courts in California have recognized the severance of claims as creating a separate case—without any severed codefendants—and California law does not permit Medtronic to be in the same case as the arbitrating Kaiser Defendants.

### A. <u>California federal courts have repeatedly recognized that severance of claims as creating a separate, removable case for non-forum defendants.</u>

Numerous California federal courts have recognized that the severance of claims in a state court action can render a case removable based on diversity jurisdiction. *Kiang v. Nationwide Life and Annuity Ins. Co.*, No. 3:23-cv-04861-JSC, 2023 WL 8018254, at *1 (N.D. Cal. Nov. 20, 2023) ("Nationwide moved to sever Plaintiff's claim against the in-state Defendant from Plaintiff's claim against Nationwide. The state court

severed that claim, leaving Nationwide as the only defendant in this case."); *Inong v. Protective Life Ins. Co.*, No. C 23-03595 WHA, 2023 WL 8481811, at *1 (N.D. Cal. Dec 7, 2023) ("Protective moved to sever plaintiff's claim against the Commissioner from plaintiff's other claims. The state court did so in a June 21, 2023 order, leaving only the diverse plaintiffs in this action."); *Edsall v. Merck & Co., Inc.*, No. C 05-2244 MHP, 2005 WL 1867730, at *3 (N.D. Cal. Aug. 4, 2005) (remanding on other grounds, but recognizing that a "state court's order severing [] plaintiffs' claims against Merck from their claims against the other defendants . . . removed all nondiverse defendants from the instant action[.])").

In *Kiang*, the state court order "severed Kiang's claims against Nationwide from the writ claim against [the in-state defendant]." 2023 WL 8018254, at *1. After the case was removed, the Northern District of California denied plaintiff's motion to remand, holding that the only defendant left in the case was Nationwide, and as such, the case was removable. *Id.*[1]

A similar result was reached in *Inong*. There, the Northern District of California recognized that the state court's severance of ***claims*** between the in-state and out-of-state defendants created a separate removable action based on diversity jurisdiction. 2023 WL 8481811 at *1.

Important to *Kiang* and *Inong* is that subject matter jurisdiction is **not** waivable by the parties. 28 U.S.C. § 1447(c). Thus, each of these California district courts ***must*** have found that all of these removing defendants, after severance, were no longer in the same case as any in-state defendants.

Plaintiffs' Motion cites dicta from *In re Johnson & Johnson*, No. 2:15-cv-05311-JGB (SPx), 2015 WL 5050522, at *7 (C.D. Cal. Aug. 24, 2015), to argue that Medtronic has improperly conflated "case" with "cause of action." Medtronic has done no such

---

[1] Plaintiffs' Motion fails to address the holding in *Kiang* and instead focuses on Nationwide's prior removal attempt based on fraudulent joinder, which was not material to the Court's decision denying the motion to remand after severance of claims.

thing. As stated in its Notice of Removal, when the State Court severed the causes of action against the Kaiser Defendants from the causes of action against Medtronic, it created a separate and distinct case against Medtronic, without the Kaiser Defendants.

**Tellingly, Plaintiffs' Motion does not cite a single federal court case that has ever required a state court order to explicitly state in a severance order that it was *creating* a separate case or action, or that it was severing the case or action in order to create a removable action**. *See Abel v. Bank of America, N.A.*, No. 20-00176, 2020 WL 6257070, at *3 (D. Haw. Oct. 23, 2020) ("To require such express direction in spite of the state court's clear statement that the severance was pursuant to [Hawaii state law] would be to place form over substance and would thwart the state court's intent to create separate cases.").

Also, a cursory reading of the State Court Order reveals Judge Murillo's acknowledgment of her capability to sever this case as Medtronic has suggested, in saying that that the court may "in its discretion, <u>sever the *action* as to the other defendants</u> or limit any stay to those issues subject to arbitration (See **Exhibit B** at *4)." Thus, just as *In re Johnson & Johnson* recognized the severance of claims into separate actions as sufficient for removability, *Id.* at *1, Medtronic does the same here.

Plaintiffs also argue that *Carmona v. Johnson & Johnson*, No. CV 15-5317 PA, 2015 WL 13229429 (C.D. Cal. Oct. 19, 2015) does not support the removability of Medtronic's case. In *Carmona*, this Court denied a motion to remand after a state court's severance of the out-of-state defendant's case created diversity jurisdiction. *Id.* at *1-*2. The severance in *Carmona* appears to have been in conjunction with the severance within *In re Johnson & Johnson*. Further, the entire posture of *Carmona* plainly supports Medtronic's position, because Medtronic only asserts that *Carmona* mirrors what the State Court Order accomplished: that when the causes of action against the Kaiser Defendants were severed from the causes of action against Medtronic for arbitration, a separate and removable case was created with Medtronic as the only

defendant, and thus severance of Plaintiffs' case against the in-state defendants (Kaiser) from their case against the out-of-state defendants (Medtronic) created diversity jurisdiction and removability for Medtronic.

**B. <u>California arbitration law only supports severance of actions in this case.</u>**

California arbitration law supports that the State Court Order severed Plaintiffs' lawsuit into two separate cases: one against the Kaiser Defendants and one against Medtronic.

*i. The statutory basis of Judge Murillo's order only supports the severance of cases*

The explicit statutory basis for the State Court's Order (See **Exhibit B** at *4) is Cal. Civ. Code § 1281.4, which requires a court to "stay the action or proceeding until an arbitration is had," upon motion by any party subject to the arbitration. This rule also allows a stay for arbitration to be limited to only the arbitrated issues: "If the issue which is the controversy subject to arbitration is *severable*, the stay may be with respect to only that issue." *Id.*

Importantly, the rule does not say that the claims must be severed, nor does it mandate severance of claims by the state court – but rather, if the non-arbitrable claims *are severable*, the statute merely permits a court to limit the stay of the corresponding action at law to the arbitrable claims only. In contrast here, the State Court explicitly *severed* Plaintiffs' arbitrable claims against the Kaiser Defendants from their claims against Medtronic. *See Mattson Technology, Inc. v. Applied Materials, Inc.*, 96 Cal. App. 5th 1149, 1162 (Dist. Ct. App. 1st 2023) ("[T]he trial court was not *required* to stay the litigation . . ., but could in its discretion <u>*sever the action*</u> as to them or *limit any stay* to the arbitrable issues.") (emphasis added).

Although the State Court could have limited the stay to Plaintiffs' claims against the Kaiser Defendants, it instead severed Plaintiffs' case against the Kaiser Defendants to proceed in arbitration from Plaintiffs' case against Medtronic to continue in the state

court litigation. Plaintiffs' argument that both the Kaiser Defendants and Medtronic somehow remain in the same case ignores the language and the legal effect of the State Court.

*ii. Binding California case law only supports the severance of cases*

Plaintiffs' argument that the causes of action against Medtronic are severed, but *not* in a separate case, could only mean that Plaintiffs believe the causes of action against Medtronic are separate from the Kaiser defendants solely for purposes of trial.

However, when a stay is issued on causes of action that are proceeding to arbitration, binding California precedent has strongly emphasized the importance of the corresponding legal action being frozen while the arbitration takes place. *Fed. Ins. Co. v. Sup. Ct. (Mackey)*, 60 Cal. App. 4th 1370, 1374 (Dist. Ct. App. 2nd 1998) ("The purpose of the statutory stay is to protect the jurisdiction of the arbitrator by preserving the status quo until arbitration is resolved."). "This is so, in part, because the whole point of contractual arbitration is to obviate the need for an action at law." *Lew-Williams v. Petrosian*, 101 Cal. App. 5th 97, 106 (Dist. Ct. App. 2nd 2024) (quotations omitted) (emphasis added).

"In the absence of a stay, the continuation of the proceedings in the trial court disrupts the arbitration proceedings and can render them ineffective." *Id* at 1375. California courts have even upheld stays applying to non-arbitrating parties pending resolution of the other claims in the case via arbitration. *Heritage Provider Network, Inc. v. Sup. Ct.*, 158 Cal. App. 4th 645, 649-50 (Dist. Ct. App. 2nd 2008) (holding that the trial court erred in not staying proceedings pending arbitration because there was one overlapping issue among the arbitrating and non-arbitrating defendants) (quotations omitted). For the State Court to explicitly sever the claims against the Kaiser Defendants from the claims against Medtronic, limit the stay only as to the Kaiser Defendants and yet keep Medtronic in the same case would contravene binding California precedent, in that part of the action at law would continue while Medtronic's

supposed co-defendants arbitrate. Thus, reading the State Court Order as consistently with California law as possible, it follows that the State Court must have severed the causes of action against Medtronic into a separate case.

Plaintiffs also cite, without explanation or analysis, *Brock v. Kaiser Foundation Hospitals*, 10 Cal. App. 4th 1790 (Dist. Ct. App. 3rd 1992), seemingly to argue that since the trial court retains jurisdiction over the Kaiser Defendants pending the arbitration, it follows that the Kaiser Defendants remain in the same case with Medtronic. While it is true that under Cal. Civ. Code § 1292.6, the State Court retains jurisdiction over the Kaiser Defendants while the arbitration is pending, *Brock* also supports the severance of Plaintiffs' case against Medtronic from their case against the Kaiser Defendants.[2]

The import of *Brock* is that when a case is stayed for arbitration, an entirely new form of jurisdiction applies to the arbitrating claims thereafter. *Id.* at 1796 ("Once a court grants the petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration."). This case supports the longstanding notion that a trial court has extremely limited jurisdiction over an arbitration, and "may not step into a case submitted to arbitration and tell the arbitrator what to do and when to do it[.]" *Lew-Williams*, 101 Cal. App. 5th at 106.

At bottom, *Brock* established that the action at law for the arbitrated claims is entirely separate from their corresponding arbitration action, and cases citing *Brock* have gone further in saying that adding a claim during arbitration does not automatically mean those claims are added to the complaint in the corresponding action at law. *Chase v. Kia Motors Am., Inc.*, No. 22-cv-09082-JCS, 2023 WL 2212873, at *8 (N.D. Cal. Feb. 24, 2023).

---

[2] Medtronic does not dispute that the State Court retained some jurisdiction over the Kaiser Defendants under Cal. Civ. Code § 1292.6—however, as detailed herein, California law dictates that Medtronic was under a different jurisdiction than the Kaiser Defendants after the State Court Order, and supports a finding that Medtronic's case is now separate and distinct from Plaintiffs' case against the Kaiser Defendants.

Obviously, the gloss of limited "vestigial jurisdiction" described above is not the type of jurisdiction that the State Court was exercising over the unstayed causes of action against Medtronic immediately after the February 25, 2025 severance order. Thus, regardless of what sort of jurisdiction the State Court had over the Kaiser Defendants after sending them to arbitration, the natural question arising for Medtronic is: how can Medtronic still be co-defendants in the same case when the Kaiser Defendants are now under a clearly different type of trial court jurisdiction? Especially considering the fact that the State Court <u>explicitly severed the causes of action</u>, and there was no severance whatsoever in *Brock*?

It follows that Plaintiffs' reading of the State Court Order does not consider the explicit language of the order or of § 1281.4, and would also be inconsistent with binding California precedent emphasizing the preservation of the status quo of an action at law during arbitration. Accordingly, California binding precedent supports that when the State Court explicitly severed and stayed the causes of action against the Kaiser Defendants for arbitration, the State Court created two separate cases.

## III. Plaintiffs' Arguments Supporting Remand Are Unavailing and Ignore the Legal Effect of the State Court's Order.

Plaintiffs' Motion argues that remand is proper because (1) complete diversity of citizenship is lacking; (2) the removal violates the forum defendant rule; (3) the removal violates the rule of unanimity.[3] All of Plaintiffs' arguments fail, however, because they are predicated on the flawed assumption that the Kaiser Defendants remain in this case, which they do not, for the reasons discussed above. *See Abel v. Bank of America, N.A.*, No. 20-00176, 2020 WL 6257070, at *2, *5 (D. Haw. Oct. 23, 2020) (rejecting Plaintiff's argument that the rule of unanimity requires remand because the state court's

---

[3] Plaintiffs also wrongly accuse Medtronic of "intentionally misrepresenting" the February 25, 2025 State Court Order in its Notice of Removal. Plaintiffs' accusations are unfounded.

severance of "claims" between the defendants created separate actions, and thus no codefendant permission was needed); *Lively*, 456 F.3d at 939-40 (9th Cir. 2006) (stating that the forum-defendant rule limits removal to cases where no defendant is a citizen of the forum state).

**IV. This Court Should Summarily Deny Plaintiffs' Request for Attorney's Fees Because Medtronic's Removal Was Proper.**

"[C]ourts may award attorney's fees under § 1447(c) *only where* the removing party lacked an objectively reasonable basis in seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)).

As demonstrated herein, Medtronic had, at a minimum, an objectively reasonable basis for removing this case under California and federal law. Accordingly, this Court should summarily deny Plaintiffs' request for attorney's fees.

**CONCLUSION**

For the foregoing reasons, Medtronic respectfully requests that this Court DENY Plaintiffs' Motion to Remand and Award Attorneys' Fees.

Dated: May 12, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Mayela C. Montenegro-Urch*
Attorneys for Defendants
COVIDIEN LP, COVIDIEN SALES LLC, COVIDEN HOLDING INC., MEDTRONIC, INC., and MEDTRONIC USA, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Covidien LP, Covidien Sales LLC, Covidien Holding Inc., Medtronic, Inc., and Medtronic USA, Inc., certifies that this brief contains 3,755 words, which:

__X__ complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated ______.

Dated: May 12, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: *_/s/ Mayela C. Montenegro-Urch_*

Attorneys for Defendants
COVIDIEN LP, COVIDIEN SALES LLC, COVIDEN HOLDING INC., MEDTRONIC, INC., and MEDTRONIC USA, INC.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is Jamboree Center, 5 Park Plaza, Suite 1600, Irvine, California 92614.

On May 12, 2025, I served on the interested parties in said action the within:

**DEFENDANTS COVIDIEN LP, COVIDIEN SALES LLC, COVIDIEN HOLDING INC., MEDTRONIC, INC., AND MEDTRONIC USA, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

☒ (MAIL) By placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit. [**As to Defendants listed on attached Service List.]**

☐ **(**BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on __________, to be delivered by their next business day delivery service on ______, to the addressee designated.

☒ (BY ELECTRONIC SERVICE) By electronically mailing a true and correct copy through Shook, Hardy & Bacon L.L.P.'s electronic mail system to the e-mail address(es) as stated on the attached service list.

☒ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 12, 2025, at Irvine, California.

| | |
|---|---|
| Mayela C. Montenegro-Urch | */s/ Mayela C. Montenegro-Urch* |
| (Type or print name) | (Signature) |

## SERVICE LIST

David R. Shoop
Thomas S. Alch
SHOOP | A PROFESSIONAL LAW CORPORATION
9701 Wilshire Blvd., Ste. 950
Beverly Hills, CA 90212

Tel: (310) 620-9533
Fax: (310) 620-6330
Email: david.shoop@shooplaw.com
thomas.alch@shooplaw.com
mariel.vazquez@shooplaw.com

**Attorneys for Plaintiffs**

Kathleen Marie Walker
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th St., Ste. 400
Los Angeles, CA 90071-2017

Tel: (213) 680-5199
Fax: (213) 250-7900
Email:
Kathleen.walker@lewisbrisbois.com

**Attorneys for Defendants Southern California Permanente Medical Group, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan, Inc.**

Brian K. Condon
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., Fl 44
Los Angeles, CA 90017-5844

Tel: (213) 243-4000
Fax: (213) 243-4199
Email: brian.condon@arnoldporter.com

**Attorneys for Defendants Southern California Permanente Medical Group, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan, Inc.**