UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02649-MRA-MAA | Date | July 17, 2025 |
|---|---|---|---|
| Title | *Scannell v. Southern California Permanente Medical Group, Inc., et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [16] AND REMANDING MATTER TO STATE COURT**

Before the Court is Plaintiff's Motion to Remand and for an Award of Attorney Fees. ECF 16. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion to Remand and **DENIES** the Motion for an Award of Attorney Fees.

I.   **BACKGROUND**

On November 19, 2024, Plaintiffs Karen Scannell and Terrence Scannell ("Plaintiffs"), both citizens of California, filed their Complaint in Los Angeles County Superior Court against Defendants Southern California Permanente Medical Group, Inc., Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., Covidien LP, Covidien Sales LLC, Covidien Holding Inc., Medtronic Inc., Medtronic USA, Inc., and Does 1 through 100. ECF 1-2. Defendants Southern California Permanente Medical Group, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan, Inc. ("Kaiser Defendants") are all California corporations. *Id.* ¶ 10. Defendants Covidien LP, Covidien Sales LLC, and Covidien Holding, Inc. ("Covidien Defendants") are Delaware corporations with their principal places of business in Massachusetts. *Id.* ¶¶ 5-7. Defendants Medtronic, Inc. and Medtronic USA, Inc. ("Medtronic Defendants") are Minnesota corporations with their principal places of business in Minnesota. *Id.* ¶¶ 8-9.

Plaintiffs allege that, on December 1, 2023, Plaintiff Karen Scannell underwent an attempted sigmoid colectomy surgery at Kaiser Permanente West Los Angeles Medical Center. *Id.* ¶ 20. During the procedure, defective surgical staples from the Covidien EEA31 Stapler, designed, manufactured, and distributed by Covidien and Medtronic Defendants, were used, causing Karen Scannell's subsequent and ongoing severe medical issues. *Id.* ¶¶ 12, 20-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02649-MRA-MAA | Date | July 17, 2025 |
|---|---|---|---|
| Title | *Scannell v. Southern California Permanente Medical Group, Inc., et al.* | | |

Based on these factual allegations, Plaintiffs bring claims for: (1) negligence, by Karen Scannell against Covidien and Medtronic Defendants; (2) strict liability, by Karen Scannell against Covidien and Medtronic Defendants; (3) breach of implied warranty, by Karen Scannell against Covidien and Medtronic Defendants; (4) medical malpractice, by Karen Scannell against Kaiser Defendants; and (5) loss of consortium, by Terrence Scannell against all Defendants. *Id.* ¶¶ 23-87. On January 28, 2025, Plaintiffs dismissed their third cause of action for breach of implied warranty. ECF 1 at 3 n.1; ECF 1-20.

On January 13, 2025, Kaiser Defendants filed a petition to compel arbitration and stay action in state court. ECF 1 ¶ 5. On February 25, 2025, the state court granted the petition, requiring arbitration of the medical malpractice and loss of consortium claims against Kaiser Defendants and thereby "sever[ing] the causes of action asserted against Kaiser Defendants . . . and stay[ing] only those claims." ECF 1-26 at 6. The State Court Order stated that "the stay d[id] not apply to the Covidien or Medtronic Defendants, or the causes of action asserted against them . . . ." *Id.*

On March 26, 2025, Covidien and Medtronic Defendants (hereinafter the "Removing Defendants") removed the case to federal court. ECF 1. On April 25, 2025, Plaintiffs filed the instant Motion to Remand and for an Award of Attorney Fees, arguing that the state court's order did not sever the case such that Kaiser Defendants—the non-diverse Defendants—are no longer in the case, and therefore complete diversity between Plaintiffs and all the Defendants does not exist. ECF 16. The Removing Defendants oppose the Motion. ECF 18.

## II.   LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Generally, removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). The removal statute is strictly construed. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The removing defendant bears the burden of establishing by a preponderance of the evidence that removal is proper. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *Gaus*, 980 F.2d at 566-67.

Where removal is sought based on diversity jurisdiction, the party asserting jurisdiction must show that (1) the opposing parties are "citizens of different States," and (2) "the matter in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02649-MRA-MAA | Date | July 17, 2025 |
|---|---|---|---|
| Title | *Scannell v. Southern California Permanente Medical Group, Inc., et al.* | | |

controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Citizenship is determined as of the date the case became removable." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (quotation marks and citation omitted). And diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III.  DISCUSSION

#### A.  Motion to Remand

Plaintiffs argue that removal of this action to federal court is improper because complete diversity of citizenship does not exist. Although the state court severed Plaintiffs' *causes of action* against Kaiser Defendants for purposes of arbitration, the state court "clearly did not sever the case, upon which misrepresentation the removing defendants predicate their removal." ECF 16-1 at 13. The state court retains jurisdiction over Kaiser Defendants pending arbitration of the claims against them. *Id.* at 11 (citing Cal. Code Civ. Pro. § 1292.6). Removing Defendants disagree, arguing that federal courts in California have recognized that severance of claims in a state court action creates a separate case, and therefore can render a case removable based on diversity jurisdiction. ECF 18 at 9. Moreover, Removing Defendants argue that California arbitration law supports severance of actions rather than severance of claims under the circumstances presented here. *Id.* at 12.

For the following reasons, the Court finds that Removing Defendants have not met their burden of establishing by a preponderance of the evidence that removal is proper. To start, 28 U.S.C. § 1441 "does not provide for the removal of individual claims, only for the removal of actions." *In re Johnson and Johnson cases*, 2015 WL 5050522, at *7 (C.D. Cal. 2015) (citing § 1441(a)). "While the removal statute at one time provided for removal of individual parts of an action, the statute has since been amended to remove these provisions." *Id.* (citing 14 Stat. 306 (1866); *Yulee v. Vose*, 99 U.S. 539, 545-46 (1978); 18 Stat. 470 (1875); *Barney v. Lathan*, 103 U.S. 205, 212-13 (1880)). Thus, Removing Defendants can seek removal only if the state court severed the individual claims against each set of defendants into different actions.[1]

---

[1] Plaintiffs argue that the forum defendant rule also prohibits removal of this action. *See* ECF 16-1 at 10. Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02649-MRA-MAA | Date | July 17, 2025 |
|---|---|---|---|
| Title | *Scannell v. Southern California Permanente Medical Group, Inc., et al.* | | |

Based on a careful review of the State Court Order, this Court is not persuaded that the state court split the individual claims against Kaiser Defendants, on the one hand, and the individual claims against Removing Defendants, on the other hand, into different actions. The state court explicitly "sever[ed] the *causes of action* asserted against Kaiser Defendants" and "stay[ed] only those *claims*." ECF 1-26 at 6 (emphases added). Removing Defendants misrepresent the State Court Order, stating that Plaintiffs filed a motion to sever the case, and the court "grant[ed] Plaintiffs' request to sever the cases against the Kaiser Defendants and Medtronic." ECF 18 at 7. Not so. In both their opposition to the petition to compel arbitration, ECF 1-22, and their motion to sever, ECF 1-24, which Plaintiffs subsequently withdrew, *see* ECF 1-26 at 6, Plaintiffs requested the same relief: that the court not stay the proceedings as to all Defendants pending arbitration and instead allow Plaintiffs to pursue their claims against Removing Defendants. Plaintiffs did not request that the claims be split such that they would proceed as separate lawsuits.

Nevertheless, Defendants now argue that in staying the claims against Kaiser Defendants pending arbitration yet allowing the claims against Removing Defendants to proceed, the state court in effect created two separate actions. ECF 18 at 9. But the State Court Order relied on California Civil Procedure Code § 1281.4, which provides that, "[i]f the issue in controversy that is subject to arbitration is severable, a stay may be ordered with respect to that issue only." ECF 1-26 at 5. And California courts have explicitly held that "[s]ection 1281.4 does not contemplate that the compelled arbitration of an issue in controversy in the action is a *separate action*. The statute makes clear that the cause remains one action, parts of which may be stayed pending completion of the arbitration." *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1125 (2023) (emphasis added) (citing *Cuevas v. Truline Corp.*, 118 Cal. App. 4th 56, 61 (2004) (holding that plaintiffs did not "split a cause of action into multiple lawsuits" by "fil[ing] one complaint in which they sued everyone they believed responsible for the traffic accident and then arbitrat[ing] their claims against some, but not all, of the defendants.").

---

U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."). As the Ninth Circuit in *Lively* explained, "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively*, 456 F.3d at 940. This rule does not apply here because the Removing Defendants (Covidien and Medtronic) are not citizens of California, the state in which the action is brought, and the forum Defendants (Kaiser) are not seeking removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02649-MRA-MAA | Date | July 17, 2025 |
|---|---|---|---|
| Title | *Scannell v. Southern California Permanente Medical Group, Inc., et al.* | | |

In support of their position, Removing Defendants cite to several factually distinguishable cases, none of which stand for the proposition that removal under these circumstances is proper. For example, in *Kiang v. Nationwide Life and Annuity Ins. Co.*, No. 3:23-cv-04861-JSC, 2023 WL 8018254, *4 (N.D. Cal. Nov. 20, 2023), diverse defendants sought removal after the state court determined that a non-diverse defendant—the in-state defendant—had been fraudulently joined and, unlike here, "allow[ed] Plaintiff to pursue any claims against the in-state defendant in a separate case." The district court found removal proper in that case, reasoning that, "[i]f a defendant moves to sever claims *on misjoinder grounds* before removal, and the state court grants the motion, thereby creating complete diversity between the remaining parties, then the case becomes removable and the voluntary-involuntary rule does not apply." *Id.* at *3 (internal citations and quotations omitted) (emphasis added). The voluntary-involuntary rule provides that, if a case could not have been originally filed in federal court, it must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable. *Id.* In *Inong v. Protective Life Ins. Co.*, No. C 23-03595 WHA, 2023 WL 8481811, at *1 (N.D. Cal. Dec. 7, 2023), the court found removal appropriate on grounds like those in *Kiang*. The court determined that the voluntary-involuntary rule did not bar removal where the state court had found that a non-diverse defendant had been fraudulently joined and severed the entire case against that non-diverse defendant. *Id.* at *1. Removing Defendants also cite to *Edsall v. Merck & Co., Inc.*, No. C 05-2244-MHP, 2005 WL 1867730 (N.D. Cal. Aug. 4, 2005), for the proposition that severance of claims in a state court action can render a case removable based on diversity jurisdiction. But *Edsall* had nothing to do with a court's decision to stay certain claims pending arbitration against one set of defendants while allowing other claims to proceed against another set of defendants. The question there was whether the case could be removed where plaintiffs had not voluntarily sought to sever their claims, which the court held it could not, thereby remanding the case to state court. *See Mattson Tech., Inc. v. Applied Materials, Inc.*, 96 Cal. App. 5th 1149, 1162 (2023) ("Cases are not authority for propositions not considered or issues not presented by their facts.") (citing *McConnell v. Advantest Am., Inc.*, 92 Cal. App. 5th 596, 511 (2023)).

Indeed, Removing Defendants do not and cannot point to any legal authority that squarely supports their position. Defendants' citation to *Carmona v. Johnson & Johnson*, No. CV 15-5317 PA (Ex), 2015 WL 13229429 (C.D. Cal. Oct. 19, 2015), is unavailing. There, the court did not discuss the nature of the state court's order severing the plaintiff's case from that of other plaintiffs, but merely assessed, again, the voluntary-involuntary rule and the timeliness of removal to federal court. *Id.* And *Brock v. Kaiser Foundation Hospitals*, 10 Cal. App. 4th 1790 (1992), which Removing Defendants argue established that an action at law for arbitrated claims is "entirely separate from [a] corresponding arbitration action," ECF 18 at 14, held only that once a court compels arbitration and stays the action at law, the court maintains "vestigial jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02649-MRA-MAA | Date | July 17, 2025 |
|---|---|---|---|
| Title | *Scannell v. Southern California Permanente Medical Group, Inc., et al.* | | |

over matters submitted to arbitration." *Brock*, 10 Cal. App. 4th at 1796. The case did not involve severance or its effects.

Moreover, the Court is unmoved by Removing Defendants' last-ditch argument that California case law only supports the severance of cases, not claims, when a stay is issued on claims proceeding to arbitration. ECF 18 at 13. Removing Defendants seem to suggest that the continuation of the proceedings in the state court will disrupt the arbitration proceedings, and so the state court must have intended to sever the cases to avoid that disruption. *Id.* But saying so does not make it so. Removing Defendants cite to no authority that suggests that the continuation of the proceedings in state court—against Defendants who are not parties to the arbitration—will necessarily cause disruption. And nowhere in the State Court Order does the court suggest this. More important, if the state court was concerned about disruption, it could have stayed the entire action against all Defendants, which is precisely what the court decided *not* to do.

Here, Plaintiffs took no action to render the case removable—they requested only that the state court not stay their case against Removing Defendants pending arbitration against Kaiser Defendants. ECF 1-22. As explained above, the case remains one action, parts of which have been stayed pending completion of the arbitration. For all these reasons, the Court finds that Removing Defendants have not established by a preponderance of the evidence that removal is appropriate, and therefore federal jurisdiction must be rejected. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**B.    Motion for Attorney's Fees**

Plaintiffs argue that an award of attorney fees is warranted against Removing Defendants' counsel because they had no objectively reasonable basis for the removal of this case to federal court. ECF 16-1 at 17. A court may award attorney fees under 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.* Although the Court agrees with Plaintiffs that remand is required and Removing Defendants' argument in favor of removal was lacking, this is a close call and Removing Defendants' position was objectively reasonable. ECF 18 at 16. Plaintiffs' Motion for Attorney's Fees is therefore **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02649-MRA-MAA | Date | July 17, 2025 |
|---|---|---|---|
| Title | *Scannell v. Southern California Permanente Medical Group, Inc., et al.* | | |

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiffs' Motion for Attorney's Fees.

The matter shall be remanded to Los Angeles County Superior Court, case no. 24STCV30446.

**IT IS SO ORDERED.**

\_\_\_\_  :  \_\_\_\_

Initials of Deputy Clerk       mku